UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA M. ALCANTAR, | No. 2:23-cv-01609 KJM CKD |
| Plaintiff, | |
| v. | ORDER |
| FLAGSTAR BANK, N.A., | |
| Defendant. | |

      Plaintiff Amanda M. Alcantar initiated this action on August 4, 2023, with a complaint asserting a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq., and a claim of unfair competition under Cal. Bus. & Prof. Code §§ 17200, et seq. (ECF No. 1.) Plaintiff alleges defendant, Flagstar Bank, N.A., failed to conduct a reasonable investigation of plaintiff's account and failed to provide a complete record of plaintiff's file in response to plaintiff's qualified written request ("QWR"). (ECF No. 1, ¶ 2.) Now before the court is plaintiff's motion for entry of a confidentiality protective order for general discovery purposes. (ECF No. 37.) The court took this motion under submission without oral argument pursuant to Local Rule 230(g). (ECF No. 41.)

**I.   Additional Background**

      Defendant answered the complaint on September 19, 2023, and filed an amended answer on October 5, 2023. (ECF Nos. 16, 18.) On November 3, 2023, defendant filed a motion for

1

judgment on the pleadings which is submitted and pending before the presiding district judge. (ECF Nos. 20, 26.)

The parties met and conferred on January 25, 2024, concerning a joint discovery plan. (See ECF No. 35 at 2.) Plaintiff served a first set of discovery requests to defendant on January 29, 2024. (See ECF No. 37 at 3.) Defendant objected to plaintiff's requests as seeking documents and information that are confidential, proprietary, and that implicate putative class member privacy rights absent a protective order. (Id.)

On February 28, 2024, defendant filed a motion to stay discovery pending resolution of the motion for judgment on the pleadings. (ECF No. 30.) The motion to stay discovery is submitted and pending before the presiding district judge. (ECF No. 34.)

The parties submitted their joint Rule 26(f) status report on April 25, 2024. (ECF No. 35.) The pretrial scheduling conference was reset and advanced to August 8, 2024, to take place before the presiding district judge. (ECF Nos. 29, 36.)

Plaintiff filed the instant motion for a confidentiality protective order on May 2, 2024. (ECF No. 37.) The motion is fully briefed with defendant's opposition and plaintiff's reply. (ECF Nos. 38, 39.)

**II.     Legal Standards**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… forbidding the disclosure or discovery… or specifying terms, including time… for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A)-(B). A court may also issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Id., subd. (c)(1)(g).

Generally, the burden is generally on the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery. See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Id. at 1211.

However, the use of a blanket protective order eliminates the requirement that a party move for a protective order every time a party produces documents asserted to be confidential, and thereby conserves judicial and other resources. See Acosta v. Heritage, 332 F.R.D. 347, 349 (D. Haw. 2019); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document.").

### III.     Discussion

Plaintiff argues the proposed protective order, which is based largely on a model order from the Northern District of California, addresses defendant's concerns about the disclosure of confidential and covered information. (ECF No 37 at 5.) Plaintiff argues the court's entry of the order is necessary to avoid further delay and proceed with discovery because defendant refuses to stipulate to the order until defendant's pending motions are resolved. (Id. at 6.)

In general, defendant argues plaintiff has not alleged a claim, which forecloses her from discovery, and thus that the motion is premature. (ECF No. 38 at 3-5.) Defendant argues the court should deny the motion or hold it in abeyance pending rulings on defendant's pending motion for judgment on the pleadings and motion to stay discovery. (Id. at 2.) Defendant argues "certainty on the pleadings" should be addressed before the parties enter into a confidentiality protective order. (Id.) Defendant argues the motion is inconsistent with Rule 1's requirement that the determination of the action be "inexpensive." (Id. at 5.) Defendant argues the appropriate terms of the protective order can only be guessed at currently. (Id. at 4.)

However, defendant has answered the complaint, the Rule 26(f) conference has taken place, and the parties are actively conducting discovery. As defendant readily acknowledges, its pending motions do not relieve defendant from discovery obligations. Moreover, the authorities cited by defendant for its position that a protective order is currently premature do not well support the argument because the cited cases involve dismissal of a claim or claims prior to any determination or dicta on discovery. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 552-53 (2007) (holding antitrust complaint must be dismissed where no plausible claim was pleaded even though no discovery had taken place); Mujica v. AirScan Inc., 771 F.3d 580, 593 (9th Cir. 2014)

(declining to remand case for amendment of the complaint where the plaintiffs could not uncover the evidence they needed without jurisdictional discovery and the court found no amendment could survive a motion to dismiss"); Holly v. Alta Newport Hosp., Inc., 612 F. Supp. 3d 1017, 1023-24 (C.D. Cal. 2020) (granting motion to dismiss first amended complaint as to some defendants and noting no discovery would proceed against those defendants); Pallamary v. Elite Show Servs., Inc., No. 17-CV-2010-WQH-BGS, 2018 WL 3064933, at *4 (S.D. Cal. June 19, 2018) (denying request to allow age discrimination claims to proceed to discovery prior to dismissal of the amended complaint for failure to state a claim). Although the court understands defendant's desire to delay or avoid discovery, defendant fails to show the present motion is premature.

Defendant also fails to show entering the proposed confidentiality protective order would be inconsistent with Rule 1 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and procedure." Fed. R. Civ. P. 1. Defendant's argument focuses on defendant's desired inexpensive determination to the exclusion of consideration of the other factors.

Plaintiff shows good cause for the entry of a confidentiality protective order. Defendant does not object to any content of the proposed confidentiality protective order, and instead challenges only the timing of its entry. For the reasons set forth above, entry of a confidentiality protective order is not premature. Thus, the court will grant the motion for confidentiality protective order.

### IV. Conclusion and Order

For the reasons set forth above, IT IS ORDERED that plaintiff's motion for a confidentiality protective order (ECF No. 37) is granted; a confidentiality protective order will issue separately.

Dated: June 13, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Alcantar23cv1609.mpo